Search Warrant

# UNITED STATES DISTRICT COURT
for the
District of Arizona

| In the Matter of the Search of | |
|---|---|
| *(Briefly Describe the property to be searched or identify the person by name and address)* | Case No.   21-9272 MB |
| Information related to the email account of 02beemer@gmail.com | |

## ELECTRIC ISSUED SEARCH AND SEIZURE WARRANT

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the Northern District of California.
(*identify the person or describe the property to be searched and give its location*):

### As further described in Attachment A.

The person or property to be searched, described above, is believed to conceal (identify the person or describe the property to be seized):

### As set forth in Attachment B.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before   9/3/2021                                    .
                                                                                            *(not to exceed 14 days)*

☒ in the daytime 6:00 a.m. to 10 p.m.
☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to any United States Magistrate Judge on criminal duty in the District of Arizona.

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized (*check the appropriate box*)   ☐ for 30 days (*not to exceed 30*)
                                                                             ☐ until, the facts justifying, the later specific date of                                    .

Date and time issued:   8/20/2021 @ 11:57am                         *Eileen Willett*
                                                                                            *Judge's signature*

City and State: Phoenix, Arizona                         Honorable Eileen S. Willett, U.S. Magistrate Judge
                                                                                            *Printed name and title*

# ATTACHMENT A
## DESCRIPTION OF THE PERSON, PROPERTY, AND ITEMS
## TO BE SEARCHED

**PROPERTY:**

This warrant applies to information associated with the Google Drive account associated with email account "02beemer@gmail.com" stored at premises owned, maintained, controlled, or operated by Google, Inc., at 1600 Amphitheatre Parkway, Mountain View, California, 94043.

**ATTACHMENT B**

**ITEMS TO BE SEARCHED AND SEIZED**

**I.   Information to be disclosed by Google**

    1.     To the extent that the information described in Attachment A is within the possession, custody, or control of Google, Inc., Google, Inc. is required to disclose to the government for the user names listed in Attachment A, all user and membership activity associated with the accounts, including:

        a.  The contents of cloud storage accounts: the Google Drive account associated with email account "02beemer@gmail.com";

        b.  All records or other information regarding the identification of the account, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the types of service utilized, the IP address used to register the account, log-in IP addresses associated with session times and dates, account status, alternative e-mail addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number) provided by the subscriber to Google Inc.;

        c.  All records or other information stored by an individual using the account, including address books, contact and buddy lists, calendar data, pictures, videos, and files;

        d.  All records pertaining to communications between Google and any person regarding the account, including contacts with support services and records of actions taken;

        e.  Notwithstanding 18 U.S.C. § 2252(a)(4)(B) and (b)(2) and 2252A or any similar statute or code, Google Inc. shall disclose responsive data.

    Google, Inc. is hereby ordered to disclose the above information to the United States by sending it via email, United States mail, or courier to:

1    Federal Bureau of Investigation

2    Attn: Special Agent Candace M. Rose

3    21711 North 7th Street,

4    Phoenix, Arizona    85024

5    cmrose@fbi.gov

6  **II.    Information to be seized by the government**

7        1.    All information described above in Section I that constitutes fruits, evidence and

8  instrumentalities of violations of 18 U.S. Code, 2252(a)(4)(B) and (b)(2) (possession or access

9  with intent to view child pornography with prior qualifying conviction) and any attempt to

10  engage in such conduct including, for the accounts or identifiers listed in Attachment A,

11  information pertaining to the following matters:

12            a.  Any and all data, records, communications or information reflecting evidence,

13                fruits, instrumentalities, and contraband of the crimes listed above;

14            b.  Communications or information reflecting the planning or execution of child

15                exploitation offenses as referenced above;

16            c.  Images or videos of child pornography or child erotica, the transfer of such

17                images or videos, or the identities of the children depicted in such images or

18                videos;

19        2.    Credit card and other financial information including but not limited to billing

20  and payment records;

21        3.    Evidence of user attribution, showing who used the accounts;

22        4.    Evidence of the identify of any coconspirators, accomplices, aiders and abettors,

23  accessories (including accessories after the fact), and witnesses to the commission of the above

24  offenses;

25        5.    Evidence of the times the account or identifier listed in Attachment A was used

26  and the location from which it was accessed;

27

28

1    6.    Passwords and encryption keys, and other access information that may be
2 necessary to access each account or identifier listed in Attachment A and other associated
3 accounts;

4    7.    Evidence of attempts to evade law enforcement;

5    8.    Evidence indicating the account owner's state of mind as it relates to the crime
6 under investigation; and

7    9.    The identity of the person(s) who communicated with the user about the
8 exploitation of children, including records that help reveal their whereabouts.

3

Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
District of Arizona

| In the Matter of the Search of | |
|---|---|
| *(Briefly Describe the property to be searched or identify the person by name and address* | Case No.   21-9272 MB |
| Information related to the email account of 02beemer@gmail.com | |

## ELECTRONIC SUBMITTED APPLICATION AND AFFIDAVIT FOR A SEARCH WARRANT

I, Special Agent, Candace M. Rose, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that there is now concealed on the following person or property located in the Northern District of California.

### As further described in Attachment A.

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:

### As set forth in Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☒ evidence of a crime;
☒ contraband, fruits of crime, or other items illegally possessed;
☒ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code/Section | Offense Description |
|---|---|
| 18 U.S.C § 2252(a)(4)(B) | Possession or Access with Intent to View of Child Pornography, with Prior Qualifying Conviction |

The application is based on these facts:
### As set forth in Attachment C, incorporated herein by reference.

☒ Continued on the attached sheet.
☐ Delayed notice of ___ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Reviewed by AUSA Brett DAY   *Brett Day*          *Candace M. Rose*
                                                 *Applicant's Signature*

__X__ Sworn by Telephone

                                                 Candace M. Rose, Special Agent, FBI
                                                 *Applicant's printed name and title*
           8/20/2021 @ 11:57am                   *E.S.Willett*
Date and time issued: _____            *Judge's signature*

City and State: Phoenix, Arizona _____   Honorable Eileen S. Willett, U.S. Magistrate Judge
                                                 *Printed name and title*

# ATTACHMENT A
## DESCRIPTION OF THE PERSON, PROPERTY, AND ITEMS
## TO BE SEARCHED

**PROPERTY:**

This warrant applies to information associated with the Google Drive account associated with email account "02beemer@gmail.com" stored at premises owned, maintained, controlled, or operated by Google, Inc., at 1600 Amphitheatre Parkway, Mountain View, California, 94043.

1

**ATTACHMENT B**

**ITEMS TO BE SEARCHED AND SEIZED**

I.   **Information to be disclosed by Google**

    1.    To the extent that the information described in Attachment A is within the possession, custody, or control of Google, Inc., Google, Inc. is required to disclose to the government for the user names listed in Attachment A, all user and membership activity associated with the accounts, including:

    a.  The contents of cloud storage accounts: the Google Drive account associated with email account "02beemer@gmail.com";

    b.  All records or other information regarding the identification of the account, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the types of service utilized, the IP address used to register the account, log-in IP addresses associated with session times and dates, account status, alternative e-mail addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number) provided by the subscriber to Google Inc.;

    c.  All records or other information stored by an individual using the account, including address books, contact and buddy lists, calendar data, pictures, videos, and files;

    d.  All records pertaining to communications between Google and any person regarding the account, including contacts with support services and records of actions taken;

    e.  Notwithstanding 18 U.S.C. § 2252(a)(4)(B) and (b)(2) and 2252A or any similar statute or code, Google Inc. shall disclose responsive data.

Google, Inc. is hereby ordered to disclose the above information to the United States by sending it via email, United States mail, or courier to:

1

Federal Bureau of Investigation

Attn: Special Agent Candace M. Rose

21711 North 7th Street,

Phoenix, Arizona   85024

cmrose@fbi.gov

**II.   Information to be seized by the government**

1.      All information described above in Section I that constitutes fruits, evidence and instrumentalities of violations of 18 U.S. Code, 2252(a)(4)(B) and (b)(2) (possession or access with intent to view child pornography with prior qualifying conviction) and any attempt to engage in such conduct including, for the accounts or identifiers listed in Attachment A, information pertaining to the following matters:

        a.  Any and all data, records, communications or information reflecting evidence, fruits, instrumentalities, and contraband of the crimes listed above;

        b.  Communications or information reflecting the planning or execution of child exploitation offenses as referenced above;

        c.  Images or videos of child pornography or child erotica, the transfer of such images or videos, or the identities of the children depicted in such images or videos;

2.      Credit card and other financial information including but not limited to billing and payment records;

3.      Evidence of user attribution, showing who used the accounts;

4.      Evidence of the identify of any coconspirators, accomplices, aiders and abettors, accessories (including accessories after the fact), and witnesses to the commission of the above offenses;

5.      Evidence of the times the account or identifier listed in Attachment A was used and the location from which it was accessed;

2

6. Passwords and encryption keys, and other access information that may be necessary to access each account or identifier listed in Attachment A and other associated accounts;

7. Evidence of attempts to evade law enforcement;

8. Evidence indicating the account owner's state of mind as it relates to the crime under investigation; and

9. The identity of the person(s) who communicated with the user about the exploitation of children, including records that help reveal their whereabouts.

## ELECTRONICALLY-SUBMITTED AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, Candace M. Rose, Special Agent with Federal Bureau of Investigation (FBI), being duly sworn, depose and state as follows, to wit:

### INTRODUCTION

The facts of this case, as more fully detailed herein, are on July 6, 2021, United States Probation Officer Fausto Jimenez, District of Arizona, contacted the FBI requesting assistance with the forensic review of a digital device owned by FRANK MARSHALL THOMAS ("THOMAS"). THOMAS was convicted of one count of Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(4)(B) and (b)(2) and 2253 on June 23, 2006, in Case No. CR-05-01411-001-TUC-FRZ(GEE). Part of THOMAS' judgment included lifetime supervised release, and THOMAS is currently under Officer Jimenez's supervision. Officer Jimenez contacted THOMAS at his residence on July 2, 2021 for a routine visit. During this contact, Officer Jimenez observed a cellphone on THOMAS' bed and THOMAS provided consent to search the phone. While looking in the photo gallery on the phone, Officer Jimenez observed an image of suspected child pornography and seized the phone. On July 9, 2021, Honorable Michelle H. Burns issued federal search warrant number 21-185MB authorizing the search of THOMAS' phone - a LG cellular telephone, black in color, with a Micro SIM card and no visible serial or model number ("SUBJECT PHONE"). On July 9, 2021, the FBI executed the search warrant and began a forensic review of the phone. The image described by Officer Jimenez was located on the phone and appeared to be part of a Google Photos account associated with the account "02beemer@gmail.com". I am requesting that the Court issue a search warrant directed to Google Inc. to require the disclosure of the Google Drive account associated with email account "02beemer@gmail.com" to locate child pornography and identify the user of the account.

## PRELIMINARY BACKGROUND INFORMATION

1.      I am a Special Agent with the FBI assigned to the Phoenix Division.   I have been so employed for seventeen years and I am specifically assigned to conduct investigations pursuant to the FBI's Innocent Images National Initiative (IINI), which focuses on crimes where computers and the Internet are used in the sexual exploitation of children.   I am responsible for conducting federal and international investigations relating to crimes involving the sexual exploitation of children.   I have received basic and on-the-job training in the investigation of cases involving the sexual exploitation of children.   The statements contained in this Affidavit are based on my experience and background as a Special Agent and on information provided by other law enforcement agents.

2.      This Affidavit is made in support of an Application for a Search Warrant under 18 U.S.C. §§ 2703(a), 2303(b)(1)(A) and 2703(c)(1)(A) to require Google Inc., located at 1600 Amphitheatre Parkway, Mountain View, California, 94043, to disclose to the government records and other information in its possession pertaining to the Google Drive account associated with email account "02beemer@gmail.com" more fully described in Attachment A (the "**TARGET ACCOUNT**").

3.      The purpose of this application is to require Google Inc., to disclose to the government records and other information in its possession pertaining to the **TARGET ACCOUNT**, including the contents of communications.   Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B, including any information evidencing violations, or attempted violations, of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2) (possession and knowingly accessing with intent to view, of child pornography, with prior qualifying conviction).

4.      Because this Affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation.   I have set forth only those facts that I believe are necessary to establish probable cause to believe that evidence of violations of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2) is within Google Drive

1    account associated with email account "02beemer@gmail.com" maintained by Google Inc.

2    **DEFINITIONS**

3    5.    The following non-exhaustive list of definitions applies to this Affidavit and Attachments

4    A and B (collectively referred to as "warrant"):

5        a.    "Child Pornography" is any visual depiction of sexually explicit conduct where

6    (a) the production of the visual depiction involved the use of a minor engaged in sexually explicit

7    conduct, (b) the visual depiction is a digital image, computer image, or computer-generated

8    image that is, or is indistinguishable from, that of a minor engaged in sexually explicit conduct,

9    or (c) the visual depiction has been created, adapted, or modified to appear that an identifiable

10    minor is engaged in sexually explicit conduct. See 18 U.S.C. § 2256(8).

11        b.    "Child Erotica" means materials or items that are sexually arousing to persons

12    having a sexual interest in minors, but that are not, in and of themselves, obscene or illegal.   In

13    contrast to "child pornography," this material does not necessarily depict minors in sexually

14    explicit poses or positions.   Some of the more common types of child erotica include

15    photographs that are not sexually explicit, drawings, sketches, fantasy writing, and diaries. See

16    Kenneth V. Lanning, Child Molesters: A Behavioral Analysis (2001) at 65.   Federal courts have

17    recognized the evidentiary value of child erotica and its admissibility in child pornography cases.

18    See United States v. Cross, 928 F.2d 1030 (11th Cir. 1991) (testimony about persons deriving

19    sexual satisfaction from and collecting non-sexual photographs of children admissible to show

20    intent and explain actions of defendant); United States v. Caldwell, No. 97-5618, 1999 WL

21    238655 (E.D. Ky. Apr. 13, 1999) (child erotica admissible under Federal Rule of Evidence

22    404(b) to show knowledge or intent).

23        c.    "Visual depictions" include undeveloped film and videotape, and data stored on

24    computer disk or by electronic means, which is capable of conversion into a visual image. See

25    18 U.S.C. § 2256(5).

26        d.    "Minor" means any person under the age of eighteen years. See 18 U.S.C. §

27    2256(1).

28        e.    "Sexually explicit conduct" means actual or simulated (a) sexual intercourse,

1 | including genital-genital, oral-genital, or oral-anal, whether between persons of the same or

2 | opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious

3 | exhibition of the genitals or pubic area of any person.   See 18 U.S.C. § 2256(2).

4 |      f.    "Computer" means "an electronic, magnetic, optical, electrochemical, or other

5 | high speed data processing device performing logical or storage functions, and includes any data

6 | storage facility or communications facility directly related to or operating in conjunction with

7 | such device."   See 18 U.S.C. § 1030(e)(1).

8 |      g.    "Internet Service Providers" (ISPs) are commercial organizations, which provide

9 | individuals and businesses access to the Internet.  ISPs provide a range of functions for their

10 | customers including access to the Internet, web hosting, e-mail, remote storage and co-location

11 | of computers and other communications equipment.  ISPs can offer various means to access

12 | the Internet, including telephone based dial-up, broadband based access via a digital subscriber

13 | line (DSL) or cable television, dedicated circuits, or satellite based subscription.  ISPs typically

14 | charge a fee based upon the type of connection and volume of data, called bandwidth that the

15 | connection supports.  Many ISPs assign each subscriber an account name such as a user name

16 | or screen name, an e-mail address, and an e-mail mailbox and the subscriber typically creates a

17 | password for the account.  By using a computer equipped with a telephone or cable modem, the

18 | subscriber can establish communication with an ISP over a telephone line or through a cable

19 | system, and can access the Internet by using his or her account name and password.

20 |      h.    "ISP Records" are records maintained by ISPs pertaining to their subscribers

21 | (regardless of whether those subscribers are individuals or entities).  These records may include

22 | account application information, subscriber and billing information, account access information

23 | (often times in the form of log files), e-mail communications, information concerning content

24 | uploaded and/or stored on or via the ISP's servers and other information, which may be stored

25 | both in computer data format and in written or printed record format.  ISPs reserve and/or

26 | maintain computer disk storage space on their computer system for their subscribers' use.  This

27 | service by ISPs allows for both temporary and long-term storage of electronic communications

28 | and many other types of electronic data and files.

1         i.      "Internet Protocol address" (IP address) refers to a unique number used by a

2 computer to access the Internet.   IP addresses can be dynamic, meaning that the Internet Service

3 Provider (ISP) assigns a different unique number to a computer every time it accesses the

4 Internet.   IP addresses might also be static, if an ISP assigns a user's computer a particular IP

5 address which is used each time the computer accesses the Internet.

6         j.      The terms "records," "documents" and "materials" include all information

7 recorded in any form, visual or aural, and by any means, whether in hand-made form (including

8 writings, drawings, painting), photographic form (including microfilm, microfiche, prints,

9 slides, negatives, videotapes, motion pictures, photocopies), mechanical form (including

10 phonograph records, printing, typing) or electrical, electronic or magnetic form (including tape

11 recordings, cassettes, compact discs, electronic or magnetic storage devices such as floppy

12 diskettes, hard disks, CD-ROMs, digital video disks (DVDs), Personal Digital Assistants

13 (PDAs), Multi Media Cards (MMCs), memory sticks, optical disks, printer buffers, smart cards,

14 memory calculators, electronic dialers or electronic notebooks, as well as digital data files and

15 printouts or readouts from any magnetic, electrical or electronic storage device).

16         k.      "Hash value" refers to a mathematical algorithm generated against data to produce

17 a numeric value that is representative of that data.   A hash value may be run on media to find

18 the precise data from which the value was generated.   Hash values cannot be used to find other

19 data.

20                **BACKGROUND ON COMPUTERS AND CHILD PORNOGRAPHY**

21                     **AND ONLINE CHILD EXPLOITATION**

22 6.     Based upon my knowledge, training and experience in online child exploitation and child

23 pornography investigations, as well as the experience and training of other law enforcement

24 officers with whom I have had discussions, I have learned the following:

25         a.      Computers and computer technology have revolutionized the way in which child

26 pornography is produced, distributed, stored and communicated as a commodity and a further

27 tool of online child exploitation.

28         b.      Modems allow computers to connect to another computer through the use of

1 telephone, cable, or wireless connection.   Electronic contact can be made to literally millions
2 of computers around the world.

3      c.     The Internet, the World Wide Web and other Internet components afford
4 individuals many different and relatively secure and anonymous venues for obtaining, viewing
5 and trading child pornography or for communicating with others to do so or to entice children.

6      d.     Individuals can use online resources to retrieve, store and share child pornography,
7 including services offered by Internet Portals such as Google, America Online (AOL), Yahoo!
8 and Hotmail, among others.   Online services allow a user to set up an account providing e-mail
9 and instant messaging services, as well as electronic storage of computer files in any variety of
10 formats.   A user can set up an online storage account from any computer with access to the
11 Internet.   Evidence of such online storage of child pornography is often found on the user's
12 computer.   And even in cases where online storage is used, evidence of child pornography can
13 be found on the user's computer in most cases.

14 **BACKGROUND ON GOOGLE**

15 7.     Google is a multinational technology company that specializes in Internet-related services
16 and products, which include email services, cloud storage services, and social media services.
17 Google allows its users to establish accounts with Google, and users can then use their accounts
18 to create emails, store files online, etc.   Google offers a wide assortment of Internet services to
19 include, email services, online storage, social media networking, digital wallets, and much more.

20 **Google Drive and Google Photo Information:**

21 8.     Google Drive is a file storage and synchronization service developed by Google Inc.
22 Google Drive allows users to store files on their servers, synchronize files across devices, and
23 share files.   In addition to a website, Google Drive offers applications with offline capabilities
24 for Windows and Mac OS computers, and Android and iOS smartphones and tablets.   Google
25 Drive offers users 15 Gigabytes of free storage.   The user can obtain additional storage with a
26 paid subscription.

27 9.     Google Photos is a photo sharing and storage service developed by Google.   As of June
28 1, 2021, any newly uploaded photos and videos count towards the 15 Gigabytes of free storage

1  quota which is shared across the user's Google services.

## CHARACTERISTICS OF INDIVIDUALS INVOLVED
## IN THE POSSESSION AND DISTRIBUTION OF CHILD PORNOGRAPHY

10.    Based upon my knowledge, experience, and training in child pornography investigations, and the training and experience of other law enforcement officers with whom I have had discussions, I know there are certain characteristics common to individuals involved in the possession and distribution of child pornography.    Those who possess and distribute child pornography:

a.    May receive sexual gratification, stimulation, and satisfaction from contact with children; or from fantasies they may have viewing children engaged in sexual activity or in sexually suggestive poses, such as in person, in photographs, or other visual media; or from literature describing such activity.

b.    May collect sexually explicit or suggestive materials, in a variety of media, including photographs, magazines, motion pictures, videotapes, books, slides and/or drawings or other visual media.    Such individuals oftentimes use these materials for their own sexual arousal and gratification.    Further, they may use these materials to lower the inhibitions of children they are attempting to seduce, to arouse the selected child partner, or to demonstrate the desired sexual acts.

c.    May possess and maintain their "hard copies" of child pornographic material, that is, their pictures, films, video tapes, magazines, negatives, photographs, correspondence, mailing lists, books, tape recordings, etc., in the privacy and security of their home or some other secure location.    These individuals typically retain pictures, films, photographs, negatives, magazines, correspondence, books, tape recordings, mailing lists, child erotica, and videotapes for many years.

d.    May maintain their collections that are in a digital or electronic format in a safe, secure and private environment, such as a computer and surrounding area.    These collections are often maintained for several years and are kept close by, usually at the individual's residence, to enable the collector to view the collection, which is valued highly.

1  e.     May correspond with and/or meet others to share information and materials; rarely

2  destroy correspondence from other child pornography distributors/collectors; conceal such

3  correspondence as they do their sexually explicit material; and often maintain lists of names,

4  addresses, and telephone numbers of individuals with whom they have been in contact and who

5  share the same interests in child pornography.

6  f.     May prefer not to be without their child pornography for any prolonged time

7  period.  This behavior has been documented by law enforcement officers involved in the

8  investigation of child pornography throughout the world.

9  **DETAILS OF THE INVESTIGATION**

10  11.  On July 6, 2021, FBI Special Agent Candace M. Rose, Phoenix Division, was contacted by

11  United States Probation Officer Fausto Jimenez, District of Arizona, requesting assistance to

12  forensically review a cellular telephone obtained by Officer Jimenez from FRANK

13  MARSHALL THOMAS at his residence.   Officer Jimenez provided the following details:

14  FRANK MARSHALL THOMAS was convicted in the District of Arizona, Case No.

15  CR-05-01411-001-TUC-FRZ(GEE) for one count of Possession of Child Pornography.   He

16  was sentenced to a term of 40 months' imprisonment by the Honorable Frank R. Zapata, on

17  June 23, 2006.   Following his sentence of imprisonment, he was released and began his

18  term of supervision on May 15, 2009.   Officer Fausto Jimenez is THOMAS' current

19  supervising officer.

20  12.  On March 31, 2021, Honorable James A. Soto signed a Waiver and Order for

21  Modifications of Supervised Release Conditions for FRANK MARSHALL THOMAS.   On the

22  Waiver and Order, among other terms, three of the following special conditions were ordered:

23  a.   "You must submit your person, property, house, residence, vehicle, papers, or office to

24  a search conducted by a probation officer.  Failure to submit to a search may be grounds

25  for revocation of release.   You must warn other occupants that the premises may be subject

26  to searches pursuant to this condition. **(Modified)**"

27  b.   "You must not knowingly possess, view, or otherwise use material depicting sexually

28  explicit conduct involving children, as defined in 18 U.S.C. 2256(2), and material depicting

1    "sexually explicit conduct" involving adults, defined as explicit sexually stimulating
2    depictions of adult sexual conduct that are deemed inappropriate by your probation officer.
3    **(Modified)"**
4    c. "You must submit your computers (as defined in 18 U.S.C. § 1030(e)(1)) or other
5    electronic communications or data storage devices or media, to a search. You must warn
6    any other people who use these computers or devices capable of accessing the Internet that
7    the devices may be subject to searches pursuant to this condition. Failure to submit to a
8    search may be ground for revocation of release. A probation officer may conduct a search
9    pursuant to this condition only when reasonable suspicion exists that there is a violation of
10   a condition of supervision and that the computer or device contains evidence of this
11   violation. You must consent to and cooperate with the seizure and removal of any
12   hardware and/or data storage media for further analysis by law enforcement or the probation
13   officer with reasonable suspicion concerning a violation of a condition of supervision or
14   unlawful conduct. Any search will be conducted at a reasonable time and in a reasonable
15   manner. **(Added)"**
16   14.  On July 2, 2021, Officer Jimenez and another probation officer contacted THOMAS at his
17   residence where he lives alone. The officers observed THOMAS' cellphone on his bed.
18   THOMAS is currently allowed to have a cellphone under his release conditions, and the phone
19   is being monitored by an outside agency.
20   15.  Officer Jimenez requested to search the phone and THOMAS gave verbal consent and
21   provided the PIN code. While looking through the photo gallery on the phone, Officer Jimenez
22   observed a GIF image that appeared to depict a nude, pre-pubescent minor female performing
23   oral sex on an adult male. The minor female's genitalia was not visible, but her chest area was
24   briefly visible. She lacked breast development and appeared to be approximately ten to twelve
25   years old **(SUSPECT IMAGE)**.
26   16.  Officer Jimenez stopped looking through the phone and questioned THOMAS about the
27   image. THOMAS became verbally hostile and physically postured himself. The officers
28   advised THOMAS that they were seizing the phone and provided him with a property receipt.

1   THOMAS escalated his aggressive behavior towards the officers so they left.

2   17.   On July 7, 2021, SA Rose met with Supervisory United States Probation Officer

3   Ricardo Castaneda and took possession of the LG Cricket smartphone, which was secured in

4   the U.S. Probation evidence room.   SA Rose then submitted the phone into FBI evidence.

5   18.   On July 9, 2021, SA Rose applied for and obtained a search warrant for THOMAS'

6   cellphone.   The Honorable Michelle H. Burns authorized the search of the cellphone and

7   assigned the warrant Case Number 21-185MB.

8   19.   On July 9, 2021, SA Rose began a forensic review of THOMAS' cellphone by using

9   Cellebrite, an FBI authorized forensic tool used for cellular devices.   Due to various security

10   patches and operating systems that can be on various electronic devices, Cellebrite is sometimes

11   limited in the amount of data it is able to capture from a particular cellular device.   SA Rose

12   was only able to complete an advanced logical extraction of the phone, which does not usually

13   provide all of the data that is on a device.

14   20.   On July 12, 2021, SA Rose and SA Patrick Cullen, a computer forensic expert with the FBI,

15   reviewed the advanced logical extraction of the phone and could not locate the image described

16   by Officer Jimenez.   Additionally, no other videos or images of child pornography were found

17   in the extraction.   Therefore, a manual review of the cellphone was conducted.   Within the

18   Google Photos application, some photos, including selfies of THOMAS, and other documents

19   were located.   There was an "Untitled Album" that contained the **(SUSPECT IMAGE)**.   The

20   GIF was approximately ten seconds in length and the file name appeared to be "356.jpg".   The

21   heading of the GIF listed "Wed, Oct 16, 2019 8:10 p.m.".   Based on this information, SA Cullen

22   believes that the GIF was possibly added to the Google account on October 16, 2019.   SA Cullen

23   also believes and that the GIF was viewed from the cellphone and was likely in the memory

24   cache.

25   21.   A review of the phone showed that the Google Account linked to the cellphone was

26   "02beemer@gmail.com" and displayed the name "FRANK THOMAS."

27   22.   On July 12, 2021, SA Rose served a Preservation Letter on Google for the account

28   associated with "02beemer@gmail.com."

23.   SA Rose contacted Detective Jorge Siverio, Phoenix Police Department (PPD), and requested that he attempt to conduct a physical extraction of THOMAS' cellphone using PPD's forensic tools.   He was able to conduct a physical extraction and provided it to SA Rose on August 12, 2021.

24.   A review of the physical extraction of THOMAS' cellphone showed evidence of the **(SUSPECT   IMAGE).**        In     particular,    a    Cache    file    with    the    Name "476cbdd0d72e5a68f322ebc021c99ba5fd146a8d8b06180a41a3ebcf3e329fc6" was recovered. The image appeared to be a thumbnail image of the **(SUSPECT IMAGE).**   The Creation Date was July 3, 2021 @ 01:32(UTC+0), which is 6:32 PM Arizona Time on July 2, 2021.   This is the time that Officer Jiminez was at THOMAS' residence, and would be consistent with the time that he was likely previewing the phone and clicked on the **(SUSPECT IMAGE),** thus, creating the cache file.

25.   The       file       path       for       this       Cache       file       is: data/Root/data/com.google.android.apps.photos/cache/glide_cache/476cbdd0d72e5a68f322ebc 021c99ba5fd146a8d8b06180a41a3ebcf3e329fc6.

26.   The file "356.jpg" was referenced in Google Photos and visually matches this Cache file. This reference was located in the file path: data/Google Photos 02beemer@gmail.com/remote media".   There were two folders in this location – one in the root of remote media and the other in "/remote media/Untitled".   In addition to the remote media folder, there is a local media folder as well.   The local media folder contained 30 files that were saved on the device.   Since the file "356.jpg" was located in the remote media folder instead of the local media folder, it would indicate that the file resided on the Google Cloud and not on the local device.

### Information on Glide Cache

27.   Glide cache (referring to the location of the cache file) is a function used in Google Photos that checks multiple layers before starting a request to download a new image.   It is a resource meant to speed up image viewing:

    1)     Active resources – Is this image displayed in another view?

    2)     Memory cache – Was this image recently loaded and still in memory?

3)   Resource – Has this image been decoded, transformed and written to the disk cache before?

4)   Data – Was the data this image contained from written to disk cache before?

28. The filename assigned to a cache item is computed by Glide using individual elements of the file (filename/url/image size).   File caches are not created until a file is viewed in the Google Photos app.

## **CONCLUSION**

29.   Based on the foregoing, there is probable cause to believe that Title 18 U.S.C. § 2252(a)(4)(B) and (b)(2) (possession or access with intent to view of child pornography, with prior qualifying conviction) has been violated, and therefore, it is requested that the Court issued the purposed search warrant.   I anticipate executing this warrant under the Electronic Communications Privacy Act, in particular 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A), by using the warrant to require Google Inc. to disclose to the government copies of the records and other information (including the content of communications) particularly described in Section I of Attachment B.   Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B.

Respectfully submitted,

Candace M. Rose
Special Agent
Federal Bureau of Investigation

Sworn and subscribed telephonically before me this 20 day of August 2021.

HONORABLE EILEEN S. WILLETT
United States Magistrate Judge